DORÉ, Judge.
This suit arises from a collision occurring on August 10, 1947, at about 10:00 a.m. at the intersection of Chestnut Street and *801 First Street in the Town of Amite City, Louisiana, between an automobile owned and operated 'by M. M. Huddleston and an automobile owned by Mrs. J. C. McMichael and being operated by James Haney. The plaintiff, St. Paul Fire & Marine Insurance Company, was the collision insurer of M. M. Huddleston and paid over to the said Huddleston under the terms of his insurance policy the damage sustained to his automobile in the collision less $50 deductible, being the amount of $223.94, for which they received from him a subrogation. The plaintiff claims that the collision and resulting damage to the automobile of their assured occurred solely because of the gross negligence of the defendant James Haney in (1) Driving the automobile of the defendant Mrs. J. C. McMichael at a rapid rate of speed of moré than double that permitted by the ordinance of the Town of Amite City; (2) In not having the said automobile under proper control; (3) In failing to bring the automobile to a stop before entering the intersection at which the collision occurred; (4) In entering the intersection after it had been preempted by the automobile of petitioner’s assured and (5) In failing to use the chance offered to him to avoid the collision by turning the automobile to the left. Plaintiff further alleges that at the time of the accident the said defendant James Haney was driving the automobile of the defendant, Mrs. J. C. McMichael, who was present in the car at the time, under her direct supervision and control and as her duly authorized employee.
The defendants first filed an exception of no cause and no right of action which apparently was abandoned. In their answer they pleaded the prescriptive period of one year, which exception was also apparently abandoned, since the accident happened on August 10, 1947 and the suit was filed on August 10, 1948. The answer further sets forth that the accident was caused by the sole negligence of M. M. Huddleston, the plaintiff’s assured, particularly in the following respects :
“(a) In making a left hand turn into a highway without stopping, looking or listening ;
“(b) In making a left hand turn in the face of approaching traffic;
“(c) In pulling out in front of approaching traffic, blocking the traffic lane and in making a left hand turn into the south bound traffic lane and angleing across for some distance the north bound traffic lane;
“(d) In not having his car under control to enable him to stop at a fast and excessive rate of speed.”
The defendants further aver in their answer that the defendant James Haney was driving the automobile on a mission of his own and that he was guilty of no contributory negligence. The defendant James Haney further alleges that “because the plaintiff accepting a cause of action and seeking to recover upon the same after it has prescribed that in the event and only in the event that this court overrules the defendant’s plea of prescription then and in that event only that defendant James Haney shows that he is entitled to reconvene against the plaintiff for the damages to the automobile which he was operating which he shows that he was responsible for the repairs under his loan agreement from Mrs. J. C. McMichael, showing that the damages and repairs to the car of defendant, Mrs. J. C. McMichael, amounted to $350 as per repair bill of Eisworth Motor Company, McComb, Mississippi.” In the alternative the defendants plead contributory negligence on the part of M. M. Huddleston, the plaintiff’s assured, in bar of recovery on the part of plaintiff.
After trial of the case the lower court, without assigning written reasons, rendered judgment rejecting the demands of the plaintiff and rejecting the reconventional demand of the defendant, James Haney. The plaintiff has appealed.
The only question involved in this case is the factual question as to liability. The plaintiff’s case is based on the testimony of its assured, M. M. Huddleston and his wife, which testimony was taken by deposition. The sum and substance of that testimony is to the effect that he, Huddles-ton, was driving from Little Rock to New Orleans and that he was unfamiliar with the highway and was therefore traveling with *802 caution; that as lie arrived at the intersection where the accident occurred in Amite City “I eased out into the street and saw a 1947 Plymouth proceeding up the street from my left, or on the street into which I was going to turn. It was going pretty fast, although I would not know its exact speed, and was approximately a couple of hundred feet away. I came to a complete stop to wait for this car to pass in front of me before proceeding along my way, but this car instead of turning slightly and going in front of me ran right straight into the left front part of my car near the wheel. There was no other traffic along the street, or anything that would have prevented the other car from passing in front of me. The nose of my car was sticking out possibly three. feet into the intersecting street from the curb line from my direction of travel, and on the proper side of the street on which I was travel-ling.”
The testimony of the defendants and their guest passengers, all relatives, is to the effect that they were traveling between twenty and twenty-five miles an hour and that the Huddleston car came along and ran into them; that they had entered the intersection before the Huddleston car and that Huddleston failed to stop at the intersection. The defendant Haney upon being asked what part of his car was struck by the Huddleston car, stated, “Mostly the right front fender and the right back fender. As I turned to try to avoid hitting him, he struck the right front fender • and the right back fender. Also, the right 'bumper was pushed back against the grill.”
The defendant Haney further testified that at the time of the collision, “We agreed to fix our own cars and get out of the way.” In other words, his testimony is to the effect that they were both in the wrong.
He further testified positively that he had borrowed the automobile of Mrs. J. C. McMichael for a mission of his own and that she and the other occupants of the automobile were merely his guests on his own invitation.
As is often the case in these intersectional collisions, the testimony is practically irreconcilable. In this particular case, Mr. Huddleston and his wife, in effect, blamed the collision on the defendant Haney in driving the McMichael car at an excessive rate of speed and striking the Huddleston car when he could easily have gone to the left thereof. However, it must be noted that Mr. Huddleston admits that he saw the McMichael car at a- distance of some two hundred feet from the intersection but that he nevertheless nosed his car three feet past the curb line. We are of the opinion that the main question involved is whether or not this act on the part of plaintiff’s assured constituted negligence which contributed to- the collision. The record does not show the width or type of streets involved except that these streets constitute a part of Highway 51, a main highway, but there is no explanation as to why plaintiff’s assured should have entered the intersection, even though he had the right of way, in the face of the oncoming McMichael automobile. We are of the conclusion that the preponderance of the evidence is to the effect that defendant Haney was driving at an excessive rate of speed and without keeping a proper lookout, but that regardless, the collision would not have occurred had Mr. Huddles-ton stopped at the curb line. The trial judge did not favor us. with written reasons for his judgment, but obviously he arrived at the conclusion of fact that this inter-sectional collision was caused by the joint negligence of the defendant Haney and the petitioner’s assured, Mr. Huddleston. We can find no manifest error in that conclusion of fact. At least, on the record as it stands. We cannot find that the plaintiff has sustained the burden of proving to a legal certainty that the accident was caused by the sole negligence of the defendants.
For these reasons the judgment appealed from is affirmed.